UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| *Charles Gamble,* #344426, ) | No. 4:22-2353-TLW-TER |
| a/k/a Charles Edward Gamble, Jr., ) | |
| Petitioner, ) | ORDER |
| ) | |
| vs. ) | |
| ) | |
| Warden, Evans Correctional Institution, ) | |
| Respondent. ) | |

This is an action seeking habeas corpus relief under 28 U.S.C. § 2254. Petitioner is a state prisoner. Petitioner paid the filing fee.

On October 3, 2022, the Court ordered Petitioner to file a factual explanation to show cause why his Petition should not be dismissed based on the application of the one-year statute of limitation period. (ECF No. 23). Petitioner filed a Motion stating: "Petitioner hereby submits this extending of time for the court's consideration in this matter: Rule 29b statute of limitation; Rule 45(a) time computation period stated days or unit (b) extending time so applicant can properly prepare a brief for this civil action and write a motion 4 appointment of counsel, clock date and stamp this letter." (ECF No. 25). Previously, the Court rendered the motion(ECF No. 25) moot by order and again directed Petitioner to file factual explanation to show cause why his Petition should not be dismissed. In the order of October 25, 2022, the Court stated: "At this procedural stage, any liberally construed request for extension of the statute of limitations is improper." (ECF No. 26).

Petitioner then filed two more motions, one on October 27, 2022 (ECF No. 29) and one on November 3, 2022 (ECF No. 30).

**ECF No. 29** is over 133 pages. Petitioner stated: "I'm respectfully asking the court for an extension in time so I can prepare a trial brief with the information I've sent to the court." (ECF

No. 29). Petitioner did not file any factual explanation as to why he has over 2,000 days of untolled time. It is not the Court's responsibility the hunt the 133 pages submitted and create an argument for Petitioner. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). To the extent Petitioner's submitted materials relate to his second PCR, the lack of tolling while the second PCR is pending is discussed in the Report and Recommendation filed this same day dismissing the action as untimely. Under Fed. R. Civ. Proc. R. 6, a court may extend the time for compliance with an order for good cause if the request is made before the time expires; Petitioner's justification presented in the Motion(ECF No. 29) is so he "can prepare a trial brief" but that is not the filing the court has repeatedly ordered Petitioner to file. Petitioner's second liberally construed reason is "struggling to get materials to write;" Petitioner has sent numerous filings and still has not filed a factual explanation as to his reasons for filing this action well outside the one-year statute of limitations. More recently, after the deadline, Petitioner has filed a 62-page handwritten document entitled "Applicants Trial Brief, Johnson Petition for Writ of Certiorari,"(ECF No. 35) which is also unresponsive to the Court's order. Therefore, Plaintiff has failed to show either good cause or excusable neglect. The Motion for Extension (ECF No. 29) is denied.

Motion (**ECF No. 30**) is requesting an extension of "time so applicant can properly prepare a brief for this criminal case action." Again, this is a federal habeas action, and no brief has been requested. Petitioner's second liberally construed reason is no envelopes; however, Plaintiff mailed the filing saying there were no envelopes. The Motion (ECF No. 30) is denied for the same reasons as (ECF No. 29) above.

Petitioner's Motion for Appointment of Counsel **(ECF No. 33)** is denied as this same day a recommendation has been filed separately recommending this action be summarily dismissed as

untimely. Additionally, there is no constitutional right to counsel in a non-capital federal habeas case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

Petitioner's Motion to Disclose/Produce (**ECF No. 32**), which requests various evidence testing results, the criminal records of witnesses, a polygraph of witnesses, and a list of accurate times concerning the crime, is denied. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Moreover, this same day Petitioner's action has been recommended for summary dismissal.

IT IS SO ORDERED.

November 29, 2022
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge