IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Charles Gamble, #344626,

PETITIONER,

vs.

Warden, Evans Correctional Institution,

RESPONDENT.

Case No. 4:22-cv2353-TLW

**Order**

Petitioner Charles Gamble ("Petitioner"), a state prisoner, proceeding *pro se* and *in forma pauperis*, filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254 on July 21, 2022. ECF No. 1. This matter is before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case was assigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c), (D.S.C.). ECF No. 38. In the Report, the magistrate judge recommends that this Court summarily dismiss the petition. *Id.* Petitioner filed objections to the Report on December 22, 2022, ECF No. 40. Accordingly, this matter is now ripe for disposition.

## RELEVANT BACKGROUND

On January 19, 2011, Petitioner pled guilty in state court to three counts of murder, one count of use of weapon during the commission of a violent crime, and first-degree murder. ECF No. 38 at 1. Initially, Petitioner did not file a direct appeal. *Id.* Several months later, Petitioner filed his first post-conviction relief ("PCR") proceeding on May 13, 2011. *Id.* It was dismissed, Petitioner appealed, and remittitur

from the South Carolina Supreme Court was issued on June 25, 2014. *Id.* Petitioner then filed a second PCR in 2019 and a third PCR in August of 2022. As the magistrate judge recognized, these PCRs did not toll the running of AEDPA's one year statute of limitations.[1] *Id.* Petitioner filed the instant § 2254 petition on July 21, 2022. ECF No. 1. As noted by the magistrate judge, "the petition in this case is woefully untimely" because "[t[here are over 2,000 days of untolled time." ECF No. 38 at 2. In order to address Petitioner's severe untimeliness, the magistrate judge issued two orders directing Petitioner to provide the following facts:

> **Upon initial review of the Petition, it appears from the face of the Petition that this case may be untimely filed. This order is notice to Petitioner that the court is considering dismissal of his case based on the running of the one-year statute of limitations. Unless the petitioner provides facts casting doubt on the issue of untimeliness of his Petition and thereby prevent dismissal based on the limitations bar, this case**

[1] The AEDPA, 28 U.S.C. 2244(d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d).

> **may be subject to dismissal. Accordingly, Petitioner is granted twenty-one (21) days to file a factual explanation with this court to show cause why his Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d), including but not limited to, factual dispute regarding the relevant dates of filings in state court mentioned and/or facts supporting the application of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).**

ECF Nos. 23 & 26 (emphasis in original). Petitioner has not filed anything responsive to either of these orders to show cause as to why his petition should not be dismissed based on the one-year statute of limitations.

Accordingly, the magistrate judge issued the instant report which recommends that the petition be summarily dismissed. This recommendation is based on the fact that (1) the petition is time-barred, and (2) Petitioner has not pled facts entitling the equitable tolling of the statute of limitations. ECF No. 38 at 2–6. In response, Petitioner filed objections—none of which dispute the magistrate judge's conclusions. ECF No. 40.

## STANDARD OF REVIEW

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However,

> the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## ANALYSIS

The Court has carefully reviewed the Report and Petitioner's asserted objections thereto in accordance with *Wallace*, and it concludes that the magistrate judge accurately summarizes the case and the applicable law in detail and sets forth a detailed analysis of the relevant issues, namely the petition's untimeliness. Petitioner's objections do not address either the substance of the magistrate judge's two prior orders or the merits of the Report. Furthermore, they do not contest the Report's conclusion that the petition is time barred, nor do they assert a basis for the equitable tolling of the statute of limitations. This Court notes the Report specifically addresses the magistrate judge's conclusion that "the Petitioner has several years of untolled time." ECF No. 38 at 4. The Report specifically cites to "104 days" and "over 2,941 days" of untolled time. *Id.* In his objections, ECF No. 40, Petitioner does not specifically address this period of untolled time. The petition provides no basis for equitable tolling. Therefore, after careful consideration**, IT IS ORDERED** that the Report, ECF No. 38, is **ACCEPTED**, and the Petitioner's Objections, ECF No. 40, are **OVERRULED**. and the Petition, ECF No. 1, is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing § 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 17, 2023
Columbia, South Carolina